

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MAY 15 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| | ) | CIVIL ACTION |
| Dr. Sharon Holyfield-Cooper, | ) | |
| **Plaintiff** | ) | |
| | ) | |
| VS. | ) | 13cv3625 |
| | ) | Judge Ronald A. Guzman |
| Chicago Public Schools | ) | Magistrate Michael T. Mason |
| Board of Education of City of Chicago, | ) | |
| | ) | |
| Ms. Katherine Tobias | ) | |
| | ) | |
| **Defendants** | ) | **Jury Demanded** |

### COMPLAINT OF EMPLOYMENT DISCRIMINATION

Pro Se Plaintiff Dr. Sharon Holyfield-Cooper, ("Plaintiff"), complains against her former

employer Defendant Board of Education of the City of Chicago (the "Board") and Ms. Katherine

Tobias, ("Principal Tobias") of Carver Elementary School and its officers as follows:

### NATURE OF THE CASE

1. Dr. Sharon Holyfield Cooper brings this action against her former employer the Board, Ms.

   Katherine Tobias, and its officers to redress acts of unlawful employment practices by alleging

   violations of the Americans with Disabilities s Act, 42 U.S.C. § 12101 et seq. ("ADA"),

   retaliation in violation of 42 U.S. C. § 12203(a), 42 U.S.C . § 12203(b) as well as

   constructively discharged in retaliation for complaining of harassment 42 U.S.C. § 2000e-3(a).

1

2. Dr. Sharon Holyfield-Cooper, a former Assistant Principal and tenured Mathematics Middle School Teacher were unlawfully subjected to different terms and conditions of employment, including disciplined, poor performance ratings and harassment. She was discriminated against because of her disability and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343a (4).

4. Venue is proper in this judicial district under 29 U.S.C. § 1391 because Defendants reside in this district and a substantial part of the events giving rise to Dr. Sharon Holyfield-Cooper's claims occurred in this district.

## PARTIES

5. Dr. Sharon Holyfield-Cooper is an adult female Citizen who resides within the territorial jurisdiction of the District Court.   At all relevant times, Dr. Sharon Holyfield-Cooper was an "employee" within the meaning of the ADA. 29 U.S.C. § 630 (f).

6. Dr. Sharon Holyfield-Cooper was employed as a Teacher with the Board of Education of the City of Chicago for 20 years until she was constructively discharge on April, 2012.

7. Dr. Sharon Holyfield-Cooper has a Type 75 Administrator Certification, and a Type 03 Certification with endorsements in Mathematics, Science, Social Studies, Language Arts, Business, Marketing and Economics.

8. Dr. Sharon Holyfield-Cooper fulfilled all conditions precedent to the institution of this action under ADA.

2

9. ("Plaintiff"), filed a disability charge on November 3, 2009 with the Equal Employment Opportunity Commission ("EEOC"). She amended her disability charges to disability and retaliation charges on July 7, 2011. She received a Right to Sue from the EEOC on March 15, 2012. Group Exhibit "A"

10. On August 14, 2012 the Honorable Ronald A. Guzman granted, ("Plaintiff"), a voluntary dismissal without prejudice. Group Exhibit "B"

11. On January 31, 2013, ("Plaintiff") filed a disability and retaliation charge with the Equal Employment Opportunity Commission ("EEOC"). She received a Right to Sue from the EEOC that was mailed to her on March 15, 2013. The Right to Sue Letter and charges of discrimination are attached hereto as Group Exhibit "C".

12. Defendant (the "Board") and its officers were, at all times relevant, "employers" within the meaning of the ADA. 29 U.S.C. § 630 (b).

13. Defendant (the "Board") is an educational employer within the meaning of Section 2(a) of the Illinois Educational Labor Relations Act, 115 ILCS 5/2(a), and is the entity charged by law with maintaining a free school system within the City of Chicago. It maintains offices at 125 South Clark Street, 6th floor, Chicago, Illinois 60603.

14. Defendant ("Principal Tobias") has been employed with Chicago Public Schools since August 1997 and has been the principal at George Washington Carver Primary/Elementary School since, July 2007.

3

## **FACTS**

15. ("Plaintiff"), began working for the Defendant (the "Board") in January 1992 as a Teacher. Group Exhibit "D".

16. Throughout her employment, ("Plaintiff") performed the duties and responsibilities of her position in a satisfactory manner and met or exceeded all legitimate expectations.

17. ("Plaintiff"), was initially referred to an otolaryngologist in July 2007 for her disability. She has a bilateral, moderate to moderately-severe, sensorineural hearing loss across all speech frequencies.   This hearing loss is considered to be permanent in nature and not medically treatable. Plaintiff wears InSound Lyric Extended Wear hearing instruments in both ears. Group Exhibit "E".

18. On March 13, 2012 Defendant ("Principal Tobias") lowered ("Plaintiff's") teacher's efficiency rating from Excellent to Unsatisfactory.   Defendant ("Principal Tobias") issued ("Plaintiff") reasons of Lowering Teachers efficiency rating were from the Board policies 2-5 Negligently Supervising Students on September 18, 2009, 2-5 Negligently Supervising Students on June 21, 2011 and 5-2 AWOL October 19, 2011. Group Exhibit "F".

19. Defendant Principal Tobias lowered ("Plaintiff"), efficiency rating without following the proper procedures for Teacher Evaluation Criteria/Standards.

20. ("Plaintiff") received an improper evaluation, (the "Board's") Teacher Evaluation Plan and Handbook of Procedures, states on page 5, " In evaluating classroom teachers, principals must use clear and reasonable criteria in four general areas: instruction, school environment, community relationships and professional and personal standards to evaluate a classroom teacher." Group Exhibit "G".

4

21. In 2008, ("Plaintiff"), transferred to an assistant principal position at Carver Elementary on August 4, 2008, and was removed from her assistant principal position on August 22, 2008, and placed in a 8th grade mathematics teaching position at the same school. Group Exhibit "H".

22. On September 18, 2009 Defendant ("Principal Tobias") suggested for improvement for ("Plaintiff's") notice of disciplinary action, that ("Plaintiff") were to make sure her hearing aid is turned up/on at all times to ensure the safety of students, co-workers and herself.

23. ("Principal Tobias") violated the HIPAA's Privacy Rule, when she suggested to ("Plaintiff") in her disciplinary action to make sure her hearing aid is turned up/on at all times to ensure the safety of students, co-workers and herself. Group Exhibit "I".

24. In 1996, Congress enacted HIPAA, HIPAA's Privacy Rule applies to the Board, as both a health care provider and a sponsor of health care plans and requires it to take a number of steps to ensure the privacy and confidentiality of health-care related information it maintains that is not covered by the Family Educational Rights Privacy Act or kept in employment records.

25. Chicago Public Schools Policy on Privacy of Health Related information Section: 102.3, Board Report 03-0326-PO01 states " Purpose: To ensure that the Chicago Board of Education (the "Board") complies with the Health Insurance Portability and Accountability Act ("HIPAA") privacy provisions pertaining to the protection of individually identifiable medical information of CPS employees and students. Group Exhibit "J".

26. On September 18, 2009, ("Principal Tobias") stated in the Plaintiff's disciplinary action notice that ("Plaintiff"), violated 3-5, making false, inaccurate, or deliberately incomplete statements in an official inquiry. After plaintiff reported to Defendant ("Principal Tobias") the Assistant Principal hit one of her students in the chest. Group Exhibit "K".

5

27. On November 9, 2009 the ("Plaintiff") provided a written statement from the student to Defendant ("Principal Tobias") at the appeal hearing. Defendant ("Principal Tobias") stated "Ms. Withers touched the student to have him turn to pay attention, and he jerked away from her because he did not want to listen to the assistant principal. Group Exhibit "L".

28. On December 1, 2009 ("Plaintiff"), received 10 days suspension reduce to 5 days for violating employee discipline code sections 3-5 making false, inaccurate, or deliberately incomplete statements in an official inquiry, or other official proceeding. Group Exhibit "M".

29. June 21, 2011 Defendant ("Principal Tobias") requested ("Plaintiff") be suspended without pay for 20 days for employee discipline codes 2.5, 3.11 and 2.7. After ("Plaintiff") appeal process she received reduction of 14 days without pay. Group Exhibit "N".

30. On October 19, 2011, defendant (the Board) issued to ("Plaintiff") a letter of notice pursuant to board policy 04-0728-P01 stating, plaintiff was absent without leave for at least two weeks. Plaintiff was on an approved leave from 9/20/2011 through 11/15/2011. According to the Defendant (the "Board's") motion to dismiss summary page 11 it states. "For example, ("Plaintiff") complaints that she was declared absent without leave "AWOL" on October 19, 2011, due to her absence without leave for two weeks. Defendant (The "Board") rescinded this finding the next day by granting plaintiff retroactive medical leave." Yet on March 13, 2012, Defendant, ("Principal Tobias") wrote AWOL as part of ("Plaintiff's") report of lowering teacher's efficiency rating from excellent to unsatisfactory. Group Exhibit "O".

31. On June 9, 2010(" Plaintiff") received a letter from ("the Board") EOCO, stating ("Plaintiff") complaint has been unsubstantiated, and further advised that the result of this investigation continues to be confidential; therefore("Plaintiff") should not disclosed the aforementioned information to anyone. Group Exhibit "P".

32. Defendant (Principal Tobias) stated in her Respondent's Position Statement for amended charge, pages 4-5 stated, that she" subsequently issued plaintiff a notice of pre discipline hearing "for endangering her students by failing to wear her hearing aids." Defendant (Principal Tobias) stated, "She told plaintiff how important it was for her to wear her hearing aids at all times and requested that she keep them turned on".   Defendant Principal Tobias further stated, " that it became common knowledge that plaintiff was often unresponsive to them unless ("Plaintiff") was facing them when they spoke to her, she believed that ("Plaintiff") continued not to wear her hearing aids or would not have the volume up where she could hear; consequently she wrote plaintiff up for jeopardizing staff and students." Group Exhibit "Q".

33. On June 21, 2011, Defendant (Principal Tobias) issued ("Plaintiff") a letter stating the Office of Employee Relations upheld (Principal Tobias) recommendation that ("Plaintiff") should serve a suspension without pay. 14 days suspension from November 21, 2011 to December 16, 2011. Group Exhibit "R".

34. October 11, 2011, ("Plaintiff") was blamed for not breaking up a fight and students sustained injuries, including a broken nose and two black-eyes. ("Plaintiff") removed the disruptive student from the classroom, defendant (Principal Tobias)'s Assistant Principal ordered the disruptive student immediately back to the classroom completely undercutting the plaintiff's classroom authority causing a fight to breakout in the classroom.

35. On several occasions when Defendant ("Principal Tobias's") Assistant Principal or security (Mr. Harris) witnessed the disobedience of ("Plaintiff's") students, instead of intervening to protect ("Plaintiff") and help her restore order, the Defendant   ("Principal Tobias") attempted to solicit disciplining complaints against plaintiff for the students who were

7

committing the serious acts of misbehavior and disobedience.

36. (Plaintiff's) working conditions became intolerable, with disruptive and violent students without Defendants support from ("Principal Tobias"), assistant principal and cooperation from the school security staff.

37. ("Plaintiff") contacted the Defendant, (the "Board") Equal Opportunity Compliance Office on September 27, 2009, October 8, 2009, and on September 9, 2011 to file a complaint against Defendant ("Principal Tobias"). On February 21, 2012 ("Plaintiff") received a response from (the "Board's") Equal Opportunity Compliance Office stating all claims prior to June 21, 2011 are either untimely or were previously addressed. Based on all the information provided by the parties herein there is insufficient evidence to find that Defendant (the Board's) Comprehensive Non-Discrimination, Title IX and Sexual Harassment Policy have been violated. Group Exhibit "S".

38. The Defendant (the "Board") allowed the harassment to take place and failed to take prompt and corrective actions to end the harassment with Defendant (Principal Tobias), while ("Plaintiff") engaged in protected activity in violation of the Americans with Disabilities Act of 1990 against Defendant ("Principal Tobias").

39. (The "Board's) Comprehensive NON-Discrimination Title IX and Sexual Harassment Report states on page 5, "Any Board employee to intentionally ignore sexually harassing conduct or unlawful discriminatory conduct by a Board employee, contractor, consultant, vendor or volunteer towards a student that occurs in their presence, by failing to report that conduct. Discipline may be imposed in this instance regardless of whether or not the student complains about the conduct." Also, violations and discipline is warrant when any covered individuals to engage in illegal discrimination, or retaliation. Exhibit T.

8

40. Defendant ("Principal Tobias") was interviewed with (the "Board") EOCO Department, (Principal Tobias) abruptly changed ("Plaintiff's") classroom assignment. Defendant (Principal Tobias) intended in whole or in part to retaliated against ("Plaintiff") because of her interview with EOCO under the ADA and to discriminate against, threaten, coerce and intimidate her because of her disability.

41. Defendant ("Principal Tobias") removed plaintiff back to her 7th grade homeroom classroom on September 19, 2011. After ("Plaintiff") removed her items from the 6th grade classroom from another building back to her original 7th grade classroom, Defendant ("Principal Tobias") stated she did not authorize the plaintiff to move. The ("Plaintiff") suffered a panic attack, in the parking lot of the school, while removing her automobile from the doorway in which ("Plaintiff") was moving her classroom items from her automobile.  Defendant ("Principal Tobias") stated she did not tell ("Plaintiff") to report to the 7th grade classroom.

42. ("Plaintiff") suffered a panic attack and damaged her automobile after backing into a pole. Defendant accused the plaintiff of damaging the school property, instead of making sure ("Plaintiff") was no longer suffering from a panic attack.

43. Defendant ("Principal Tobias") abruptly changed ("Plaintiff") schedule to teach Language Arts instead of Mathematics after hiring a mathematic specialist, Ms. Haqque and accused ("Plaintiff") of allowing the mathematics scores to decrease.

44. Defendant ("Principal Tobias") moved ("Plaintiff") to another 7th grade teacher's classroom, to have plaintiff assist the other classroom teacher as classroom assistant, instead of allowing ("Plaintiff")   to return to her classroom as a 7th grade classroom teacher.

9

45. Defendant ("Principal Tobias") allowed another teacher who was not a certified middle school mathematics Teacher teach mathematics and enter assigned grades to students while ("Plaintiff") was responsible for students mathematics grades. Group Exhibit "U".

46. ("Plaintiff") was force to share passwords with other Language Arts teacher to enter grades on impact grading system. As a results ("Plaintiff") was written up for not submitting grades on time.

47. During the 2009-2012 school years, the situation became worse and worse and serious and dangerous incidents arising from student's disruptiveness and violence became a regular occurrence in plaintiff's homeroom classes.

48. ("Plaintiff") was hit in the right upper lip by a student. Defendant, ("Principal Tobias") did not Discipline the student, however Defendant, ("Principal Tobias") reported the ("Plaintiff") to DCFS.

    (The Plaintiff's) doctor's statement is enclosed as evidence. (The Plaintiff) was given a letter From DCFS stating the report was "Unfounded" also included in Group Exhibit "V".

49. February 26, 2010 ("Plaintiff") was hit in her chest and lower lip by another student.

50. On March 12, 2010 ("Plaintiff") called the police to have a student arrested for abusing ("Plaintiff").

51. On September 22, 2011 ("Plaintiff") suffered from chest pains, on about October 15, 2011 ("Plaintiff") also begin having anxiety attacks at school.

52. Defendant, ("Principal Tobias"), only assigned disruptive and assaultive students to plaintiff. Her last teaching assignment included 15 boys and 4 girls, in which 5 of the students were special education students, and in and out of HardGrove Mental Hospital. Even though ("Plaintiff") was not a Special Education Teacher, her classroom student population included many students who were disruptive and assaultive of teachers and staff.

53. Defendant (" Principal Tobias") continually exhibited unprofessional behavior in the workplace, by creating a hostile and stressful environment for ("Plaintiff") for example, during the last meeting "Principal Tobias" called ("Plaintiff") in her office on April 13, 2012, even though Defendant, Principal Tobias had already signed "Plaintiff's" E1 Rating April 9, 2012. ("Plaintiff") made a statement to, Principal Tobias, that she came to Carver to assist her with student achievement, and Principal Tobias treated her with disrespect, and inquired about why she was being given such a negative report, Principal Tobias abruptly ended the discussion without addressing her questions, yelling, "Get out of my office!" ("Plaintiff") endured several stressful and unproductive encounters initiated by ("Principal Tobias").

54. Plaintiff received negative and "unsatisfactory" rating assigned by Defendant ("Principal Tobias"), and subsequently placed on her permanent records, ("Plaintiff") was not able to secure another position as a Teacher or Administrator at another Chicago Public School. 20 years of service and recognition as an excellent educator, Defendant ("Principal Tobias") Ruined ("Plaintiff's") reputation by making illegitimate, unsubstantiated claims, as well as, subjecting ("Plaintiff") to severe emotional turmoil and stress. The stress caused by Defendant "Principal Tobias's" harassment became so severe and overwhelming that ("Plaintiff") was forced to prematurely resign due to constructive discharged from Chicago Public Schools on April 20, 2012.

11

55. Currently the Warning Resolution the Defendant (the "Board") given to ("Plaintiff") in November 16, 2011 is displayed on the Internet in the Google search engine. Group Exhibit "W".

## Count I
## ADA: (Disability Discrimination) Disability

56. ("Plaintiff") incorporates by reference the allegations of Paragraphs 1-55 above and of Counts II and III of this Complaint, all as if fully set forth herein.

57. In all the above acts, practices, courses of conduct and omissions, defendant discriminated against ("Plaintiff") on account of her disability, all in violation of the ADA, including as the case maybe, 42 U.S.C. § 12101 et seq. ("ADA").

58. Defendant's actions intentionally discriminating against Dr. Holyfield-Cooper have caused her Loss of wages and benefits, pecuniary losses and other consequential damages.

## Count II
## ADA Retaliation

59. ("Plaintiff") incorporates by reference the allegations of Paragraphs 1 to 55 and of Count I and III of this Complaint, all as fully set forth herein.

60. In all the above acts, practices, courses of conduct and omissions, defendant discriminated against ("Plaintiff") by retaliation against her on account of her assertions of her rights under the ADA and opposition to defendant's unlawful practices as hereinabove-alleged, all in violation of the ADA, including as the case may be, retaliation in violation of 42 U.S. C. § 12203(a).

12

## Count III
### ADA Interference, Coercion and/or Intimidation/ Harassment

61. ("Plaintiff") incorporates by reference the allegations of Paragraphs 1 to 55 and of Counts I and

   II of this Complaint, all as if fully set forth herein.

62. In all the above acts, practices, courses of conduct and omissions, defendant coerced,

   intimidated, threaten and/or interfered with ("Plaintiff") in her exercise and enjoyment of, and

   /or on account of her exercising and enjoying her rights granted and/or protected by the ADA,

   all in violation of the ADA, including as the case may be 42 U.S.C. § 12203(b).


## COUNT IV
### Constructively Discharged in Retaliation

63. ("Plaintiff") incorporates by reference the allegations of Paragraphs 1 to 55 and of Counts I, II

   and III of this Complaint, all as if fully set forth herein.

64. In all the above acts, practices, courses of conduct and omissions, defendant coerced,

   intimidated, threaten and/or interfered with ("Plaintiff") in her exercise and enjoyment of, and

   /or on account of her exercising and enjoying her rights granted and/or protected by the ADA,

   all in violation of the ADA, including as the case may be section 704, 42 U.S.C. § 2000e-3(a).

13

## Prayer for Relief and Jury Demand

WHEREFORE, demanding a trial by jury, ("Plaintiff") prays this Honorable Court to award her the following relief:

1. Compensatory damages in the amount of $300,000 pursuant to the provisions of 42 U.S.C. § 1981A(b)(3);

2. Equitable relief including an injunction, back pay, reinstatement or front pay as the Court deems appropriate according to proof, emotional and physical pain and suffering; not less than 300,000;

3. An injunction prohibiting further violations of the ADA; and

4. Such other relief as the Court may deem just and appropriate in the premises.

Respectfully submitted

Dr. Sharon Holyfield-Cooper, Pro Se Plaintiff

5/14/2013

Dr. Sharon Holyfield-Cooper
Pro Se/Plaintiff
340 West Swann
Chicago, Illinois   60609
drholyfield@yahoo.com
773-410-4506

14

# EXHIBIT A

Exhibit A

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Sharon Holyfield<br>340 West Swann<br>Chicago, IL 60609 | From: Chicago District Office<br>500 East Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2010-00570 | Jermeitrik Christian,<br>Investigator | (312) 869-8034 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_John P. Rowe_

**John P. Rowe,**
**District Director**

3. 15-12

(Date Mailed)

Enclosures(s)

cc:

BOARD OF EDUCATION
CITY OF CHICAGO

EEOC Form 5 (5/01)

EXHIBIT A

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | Amended |
| | ☒ EEOC | 440-2010-00570 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Sharon Holyfield | (773) 410-4506 | 12-23-1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| 340 West Swann, Chicago, IL 60609 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CHICAGO PUBLIC SCHOOLS/ CARVER ELEMENTARY SCHOOL | 500+ | (773) 553-1000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 125 South Clark Street, Chicago, IL 60603 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest                Latest |
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | 6-21-2011 |
| ☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.) | ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent in 1993. On August 3, 2008, I was hired as the Assistant Principal at Carver Elementary School. Around September 3, 2008, I was removed from my position and was placed as a Teacher. Ever since I have been subjected to discipline and comments about my disability in front of other employees. On September 24, 2009, I received a 10 day suspension. I filed the instant charge. Subsequently, I received a 20 day suspension.

I believe that I have been discriminated against based on my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| X 7/7/2011    Sharon Holyfield | |
| Date        Charging Party Signature | |

2

Exhibit A

EEOC Form 212-A (3/98)

## U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| TO: **Illinois Department Of Human Rights**<br>**100 West Randolph Street**<br>**Floor 10-100**<br>**Chicago, IL 60601** | Date **December 1, 2009**<br>EEOC Charge No.<br>**440-2010-00570**<br>FEPA Charge No. |

CHARGE TRANSMITTAL

SUBJECT:

| **Sharon Holyfield** | v. | **CHICAGO PUBLIC SCHOOLS/ CARVEN ELEMENTARY SCHOOL** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

[X] EEOC    [ ] _____ on **November 3, 2009**

                      *Name of FEPA*         *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

[ ] Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

[ ] The worksharing agreement does not determine which agency is to initially investigate the charge.

     [ ] EEOC requests a waiver      [ ] FEPA waives

     [ ] No waiver requested      [ ] FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name of EEOC or FEPA Official<br>**John P. Rowe, District Director** | Signature/Initials<br>*John P. Rowe (SGW)* |
|---|---|

| **Sharon Holyfield** | v. | **CHICAGO PUBLIC SCHOOLS/ CARVEN ELEMENTARY SCHOOL** |
|---|---|---|
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

NOV 05 2009

| Typed Name of EEOC or FEPA Official<br>**Rocco J. Claps, Director** | Signature/Initials<br>*Amanda Smith (SGW)* |
|---|---|

| TO: **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661** | Date **December 1, 2009**<br>EEOC Charge No.<br>**440-2010-00570**<br>FEPA Charge No. |
|---|---|

3

# EXHIBIT B

Exhibit B

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 5.0.3
### Eastern Division

Sharon Holyfield–Cooper

                                        Plaintiff,

v.                                                      Case No.: 1:12–cv–04712
                                                        Honorable Ronald A. Guzman

Board of Education of City of Chicago, et al.

                                        Defendant.

---

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, August 14, 2012:

        MINUTE entry before Honorable Ronald A. Guzman: Motion hearing held on
8/14/2012. Motion by plaintiff Sharon Holyfield–Cooper for voluntary dismissal without
prejudice [25] is granted. Any pending motions or schedules are stricken as moot. Civil
case terminated. Mailed notice (cjg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov*.

4

# EXHIBIT C

*Exhibit C*

EEOC Form 161 (11/09)

U.S. **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Sharon Holyfield-Cooper<br>340 West Swann Street<br>Chicago, IL 60609 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2013-01862 | Eric Lamb,<br>Investigator | (312) 869-8092 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

John P. Rowe,
**District Director**

3-15-13
*(Date Mailed)*

cc: **BOARD OF EDUCATION<br>CITY OF CHICAGO**

5

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 440-2013-01862 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Dr. Sharon Holyfield-Cooper | (773) 410-4506 | 12-23-1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| 340 W. Swann Street, Chicago, IL 60609 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CHICAGO BOARD OF EDUCATION | 500 or More | (773) 534-1000 |

| Street Address | City, State and ZIP Code |
|---|---|
| Carver Primary/Elementary School, 901 East 133rd Place, Chicago, IL 60827 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| JAN 3 1 2013 | | |

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION  ☐ OTHER (Specify) | Earliest  Latest  04-20-2012  ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with Respondent in or around January, 1992. My most recent position was Teacher. During my employment I filed EEOC Charge #440-2010-00570. Subsequently, I was subjected to different terms and conditions of employment, including but not limited to, discipline, poor performance ratings, and harassment. I complained to Respondent to no avail, and was then constructively discharged. Subsequently, Respondent has released confidential information about my employment.

I believe that I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| Jan 31, 2013  Date  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

$6$

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| ⌐ ¬<br><br>**Linda Hogan**<br>**Senior Asst General Counsel**<br>**BOARD OF EDUCATION, CITY OF CHICAGO**<br>125 S. Clark Street. Ste 700<br>Chicago, IL 60603<br>L ⌐ | **Sharon Holyfield-Cooper** |
| | THIS PERSON (check one or both) |
| | [X] Claims To Be Aggrieved |
| | [ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**440-2013-01862** |

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act (Title VII)  [ ] The Equal Pay Act (EPA)  [X] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)  [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **04-MAR-12** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by to
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **Eric Lamb,**<br>**Investigator** | **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661**<br>Fax: (312) 869-8220 |
|---|---|
| *EEOC Representative* | |
| *Telephone*   **(312) 869-8092** | |

Enclosure(s): [X] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [ ] Age  [X] Disability  [X] Retaliation  [ ] Genetic Information  [ ] Other

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **January 31, 2013** | **John P. Rowe,**<br>**District Director** | *John P R* |

7

EEOC Form 212-A (3/98)

## U.S. Equal Employment Opportunity Commission

TO:     **Illinois Department Of Human Rights**
        **100 West Randolph Street**
        **Floor 10-100**
        **Chicago, IL 60601**

Date     **January 31, 2013**
EEOC Charge No.
        **440-2013-01862**
FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

| **Sharon Holyfield-Cooper** | v. | **CHICAGO BOARD OF EDUCATION** |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

[X] EEOC    [ ] _____ on **January 31, 2013**

*Name of FEPA*  *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

[ ] Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

[ ] The worksharing agreement does not determine which agency is to initially investigate the charge.

     [ ] EEOC requests a waiver      [ ] FEPA waives

     [ ] No waiver requested      [ ] FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge*
*and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name and Title of EEOC or FEPA Official **John P. Rowe, District Director** | Signature/Initials |
|---|---|

| **Sharon Holyfield-Cooper** | v. | **CHICAGO BOARD OF EDUCATION** |
|---|---|---|
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

JAN 3 1 2013

| Typed Name and Title of EEOC or FEPA Official **Rocco J. Claps, Director** | Signature/Initials |
|---|---|

TO:     **Chicago District Office**
        **500 West Madison St**
        **Suite 2000**
        **Chicago, IL 60661**

Date     **January 31, 2013**
EEOC Charge No.
        **440-2013-01862**
FEPA Charge No.



# EXHIBIT D

Exhibit D

 **Chicago Public Schools**

Alicia Winckler
Chief Talent Officer

Educate • Inspire • Transform

**The Office of Talent**
125 South Clark Street, 2nd Floor • Chicago IL, 60603
Telephone (773) 553-1142 • Fax (773) 553-5628
www.cps-humanresources.org

April 19, 2012

To whom it may concern:

The following information is being provided to you from the Chicago Public Schools regarding verification of employment for the following:

**Employee's Name:** Sharon Holyfield-Cooper
**Position/ Title:** Regular Teacher
**Service Dates:** January 18, 1992 to the present *April 20, 2012*

Please contact the Employee Services/Records Unit at (773) 553-1142, for any additional information.

Sincerely,

*Adrianne White*
Adrianne White
Employee Records Processor
Human Resources-Office of Talent

*This is to certify that the information is being provided by Chicago Public Schools Office of Human Capital Employee Records Dep........ent*

*Let us know how we are doing!*
Please take a few minutes to tell us about the quality of services that you received during your recent experience with us.
http://www.surveymonkey.com/s.asp?u=987913595455
Employee Services: We serve our children by serving you.

12

9

# EXHIBIT E

Exhibit E



# ADVANCED HEARING
## AND BALANCE CENTER

May 21, 2012

Brian Urban, Au.D.
Advanced Hearing and Balance Center
636 Church St., Suite 307
Evanston, IL 60201

Re: Sharon Holyfield-Cooper (DOB: 12/23/1960)

To Whom It May Concern:

I am writing you to provide details regarding Dr. Holyfield-Cooper's hearing loss. She has a bilateral, moderate to moderately-severe, sensorineural hearing loss across all speech frequencies. This hearing loss is considered to be permanent in nature and not medically treatable. Dr. Holyfield-Cooper currently wears InSound Lyric Extended Wear hearing instruments in both ears to help ameliorate the effects of her hearing loss.

Please contact me with any questions or concerns at 847-869-9433.

All the best,

Brian Urban, Au.D.
Doctor of Audiology

636 Church St., Suite 307 Evanston, IL
Tel: 847-869-9433    Fax: 847-869-2053
Info@HearWellEvanston.com
www.HearWellEvanston.com

# EXHIBIT F

Exhibit F

**Chicago Public Schools**
**Human Capital Employee Relations**
**Teacher Accountability**
**125 S. Clark, 11th Floor**
**Chicago, Illinois 60603**

**E-1 Notice:** **Report of Lowering Teacher's Efficiency Rating**

__Carver Elemtary/Wheatley CPC
**March 9, 2012**

**TO: Dr. Sharon Holyfield**          id # 000048068
          **(Name)**

**Your most recently recorded efficiency rating as of** _____ 6/ 18/2010 _____ **was**

_____ Excellent _____ .

**It is my judgment that your rating at the present time is** _____ Unsatisfactory _____ .

**REASON(S)**

2-5 - Negligently Supervising Studen - 18-SEP-09 - George Washington Carver Elem

2-5 - Negligently Supervising Studen - 21-JUN-11 - George Washington Carver Elem

5-2 - AWOL - 19-OCT-11 - George Washington Carver Elem

**Attendance Rate**

88.89% for SY 2011-2012 (updated 02/01/2012)
93.08% for SY 2010-2011 (updated )

**If you wish to secure a higher rating, improvements will be necessary. I suggest the following:**

Do not receive any more Disciplinary Action forms. Follow CPS policy and procedures

at all times. Improve Classroom Management Skills and Student Safety.

I shall be glad to confer with you on ways and means for improvement.

**Evaluator:** _Katherine Tobias_          **Date:** _3-9-12_
          **Signature**

**Teacher:** _____          **Date:** _3-13 20/2_
          **Signature**

**Prepare 3 copies:**
Original to Teacher
Copy to Principal's file
Copy to Talent Office Employee Relations

11

# EXHIBIT G

Exhibit G

# Teacher Evaluation Plan
# and
# Handbook of Procedures



Mr. Jean-Claude Brizard
**Chief Executive Officer**
**Chicago Public Schools**

1

12

## INTRODUCTION

The basic purpose of evaluating teachers is to improve instruction by promoting better performance. At the same time, evaluation encourages teachers to maintain their professional growth. Evaluation is one of the key methods by which the principal provides instructional leadership to the school. It is important that both the teacher and the principal understand the purpose of evaluation. It should be perceived as a positive process. Performance evaluation serves to highlight teachers' strengths as well as their weaknesses. It also serves to strengthen interactions between the principal and the teacher, and provides guidance to teachers in improving their professional skills.

In considering the system for evaluating teachers, there are several assumptions that must be understood by all. First, it is assumed that the evaluation process will be continuous and constructive, serving to improve teachers' effectiveness and to foster better instruction. Second, evaluation should help teachers reach their full potential as teachers and highlight areas for professional growth. Third, evaluation must be based upon clear criteria, and the cooperation of both teacher and principal.

## EDUCATIONAL ROLES

### The Teacher

The classroom teacher is the central person in the process of educating children. The most important part of the teacher's job is directly related to instruction of students; however, other responsibilities are also essential. The teacher's relationships with students, colleagues, and the community are of major importance.

### Relationships with Students

Teachers are responsible for providing students with a positive, encouraging and success—oriented learning environment that will give each student an equal opportunity to reach the cognitive and affective goals of the educational program. Board Rule 6-13 states:

"Duties of teachers. Teachers shall take charge of the divisions or classes assigned to them by the principal. They shall be held responsible for the instruction, progress and discipline of their classes and shall devote themselves exclusively to their duties during school hours. Teachers shall render such assistance in the educational program in and about the building as the principal may direct, including parent interviews, pupil counseling, corridor, lunchroom and playground supervision, and attendance at professional staff meetings."

Teachers are responsible for activities in connection with the students which may include, but shall not be limited to:

- helping students develop the basic skills
- developing worthwhile and realistic goals for the class
- providing for the development of skills, attitudes, and under standing, in accordance with the system wide objectives
- implementing the curriculum of the Chicago Public Schools
- demonstrating knowledge of the subject and the ability to motivate students
- preparing and using written lesson plans

13

## High School

The high school teacher's long-range plans must be consistent with the curriculum guides in their subjects and assessment tests.

The long-range plans should be developed by teachers during the first month of school, based upon all pertinent information about the course and the students. In developing the plans, teachers must take into consideration the following:

- objectives for the course
- strategies for achieving the objectives
- minimum requirements for successfully completing the course
- curriculum guides and assessment tests
- policy on homework.

The plans should also address such matters as class participation by students, attendance, and communication with parents.

All plans should support and carry out the school's improvement plan objectives.

## CLASSROOM TEACHERS

### Job Description

Classroom teachers shall take charge of the divisions or classes assigned to them by the principal. They shall be responsible for the instruction, progress, and discipline of their classes, and shall devote themselves exclusively to their duties during school hours. These responsibilities shall include but shall not be limited to the following categories: instructional planning, use of appropriate instructional methods, and evidence of competence in subject matter taught or services provided. Teachers shall render assistance in the educational program in the school wide environment and demonstrate effective classroom management. Teachers shall promote positive relationships with pupils and community members and shall adhere to the professional responsibilities and personal standards promulgated by the Chicago Public Schools.

### Evaluation Criteria/Standards

In evaluating classroom teachers, principals must use clear and reasonable criteria in four general areas: instruction, school environment, community relationships, and professional and personal standards. The following are citywide criteria in each of these areas:

### I. Instruction

#### A. Instructional Planning

- Provides written lesson plans and preparation in accordance with the objectives of the instructional program.
- Establishes positive learning expectation standards for all students.
- Periodically evaluates pupils' progress and keeps up-to-date records of pupils' achievement.

#### B. Instructional Methods

- Applies contemporary principles of learning theory and teaching methodology.
- Draws from the range of instruction materials available in the school.

5

19

- Participates in inservice meetings and uses information and materials provided.
- Participates in inservice meetings and uses information and materials provided.
- Exhibits cooperative attitude toward students, parents, community, and school personnel.
- Adheres to the Rules of the Board of Education and policies and procedures of the Chicago Public Schools and the local school unit.
- Makes proper use of professional preparation periods.

**B. Personal Qualities**

- Presents an appearance that does not adversely affect the student's ability to learn.
- Demonstrates proper diction and grammatical usage when addressing students.
- Uses sound and professional judgment.

There may be additional criteria that can properly be used by principals to assess teachers' performance. If necessary, additional criteria may be added during the school year if shared with the teachers prior to implementation. All additional criteria shall be presented to the teachers, in writing, prior to implementation.

7



## ADDITIONAL OBSERVATIONS
(Required)

Teacher's Name _____    Room _____

School _____    Subject/Grade _____
(Place a ( ✓ ) or brief comment in the appropriate column.)

|  | | Strength | Weakness | Does Not Apply |
|---|---|---|---|---|
| **I** | **School-wide Environment** | | | |
| | a) Carries out daily routines and administrative requests. | ___ | ___ | ___ |
| | b) Complies with the policies, rules, and regulations of the school system and of the building. | ___ | ___ | ___ |
| | c) Participates in the program to improve student attendance. | ___ | ___ | ___ |
| | d) Promotes anti-vandalism programs in the school. | ___ | ___ | ___ |
| **II** | **Community Relationships** | | | |
| | a) Uses appropriate resources available in the community. | ___ | ___ | ___ |
| | b) Initiates appropriate conferences with parents, administrators, and/or ancillary personnel, in accordance with school procedures. | ___ | ___ | ___ |
| | c) Performs professional responsibilities in an atmosphere of mutual respect with parents and other community members. | ___ | ___ | ___ |
| | d) Communicates the academic progress, attendance and conduct of students to their parents. | ___ | ___ | ___ |
| | e) Endeavors to understand the lifestyles and values of the school community. | ___ | ___ | ___ |
| **III** | **Professional Responsibilities** | | | |
| | a) Is punctual and regular in attendance to school and duty assignments. | ___ | ___ | ___ |
| | b) Participates in inservice meetings and uses information and materials provided. | ___ | ___ | ___ |
| | c) Exhibits cooperative attitude toward students, parents, community, and school personnel. | ___ | ___ | ___ |
| | d) Adheres to the Rules of the Board of Education and policies and procedures of the Chicago Public Schools and the local school unit. | ___ | ___ | ___ |
| | e) Makes proper use of professional preparation periods. | ___ | ___ | ___ |
| **IV** | **Local School Unit Criteria** | | | |
| | a) _____ | ___ | ___ | ___ |
| | b) _____ | ___ | ___ | ___ |
| | c) _____ | ___ | ___ | ___ |

**V      COMMENTS:** _____

_____

_____

_____

Evaluator: _____    Date: _____
          Signature

Teacher: _____    Date: _____
          Signature

16

- Prepares and distributes appropriate materials necessary to discharge professional responsibilities.
- Uses recommendations and suggestions from conferences and staffings.

C. **Relationships**

- Contributes to student growth in self-discipline and positive self-concept.
- Communicates professional objectives and expectations to members of the unit.
- Communicates appropriate information to members of the unit.
- Practices fairness in all professional relationships.
- Exhibits an understanding and respect for all individuals.
- Initiates and/or participates in appropriate conferences with students, parents, administrators, classroom teachers, and ancillary personnel in accordance with established procedures.

### III. Community Relationships

- Uses appropriate resources available in the community.
- Initiates and/or participates in appropriate conferences with community members.
- Performs professional responsibilities in an atmosphere of mutual respect with parents and other community members.
- Communicates the academic progress, attendance, and conduct of students to their parents.
- Endeavors to understand the lifestyles and values of the community.

### IV. Professional and Personal Standards

#### A. Professional Responsibilities

- Is punctual and regular in attendance.
- Participates in inservice meetings and uses information and materials provided.
- Exhibits cooperative attitude toward students, parents, community, and school personnel.
- Adheres to the Rules of the Board of Education and policies and procedures of the Chicago Public Schools and the local unit.
- Makes proper use of professional preparation time.

#### B. Personal Qualities

- Presents an appearance that does not adversely affect the students.
- Demonstrates proper diction and grammatical usage.
- Uses sound and professional judgment.

There may be additional criteria that can properly be used by principals to assess non-classroom teachers' performance. If necessary, additional criteria may be added during the school year if shared with the non-classroom teachers prior to implementation. All additional criteria shall be presented to the teachers, in writing, prior to implementation.

17