IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARON HOLYFIELD-COOPER,   )<br>       Plaintiff,    )<br>                   )<br>   v.     )<br>                   )<br>BOARD OF EDUCATION OF THE    )<br>CITY OF CHICAGO and KATHERINE )<br>TOBIAS,     )<br>       Defendants.  ) | Case No: 13 C 3625<br><br>Judge Ronald A. Guzmán |

## ORDER

For the reasons stated below, the defendants' motion to dismiss [9-1, 24-1] is granted in part and denied in part. Katherine Tobias is dismissed as a defendant and the Court directs the clerk to remove Plaintiff's Exhibits K, L, U, and V from the electronic docket in this case. Plaintiff shall refile those exhibits with the students' names redacted no later than 21 days from the date of entry of this order. The rest of the Board's motion to dismiss is denied.

(T:)  **STATEMENT**

Sharon Holyfield-Cooper brought suit against the Board of Education for the City of Chicago and Katherine Tobias for discrimination and retaliation under the Americans with Disabilities Act ("ADA), which she alleges led to her constructive termination. The defendants move to dismiss Tobias as a named defendant, time-barred or unsupported allegations and paragraphs not linked to cognizable claims, and to strike exhibits that include confidential student information. For the reasons stated below, the motion is granted in part and denied in part.

**Facts**

The allegations in Plaintiff's *pro se* complaint are voluminous, but the relevant allegations, which are deemed to be true for purposes of this motion to dismiss, are as follows. Plaintiff has been employed by Chicago Public Schools for many years (either since January 1992 or August 1997), and was the principal of George Washington Carver Elementary School from July 2007 until she was allegedly constructively discharged in April 2012. (Compl., Dkt. # 1, ¶¶ 6, 14, 15.) Plaintiff was initially referred to an otolaryngologist in July 2007 for hearing loss and now wears hearing aids in both ears. (*Id*. ¶ 17.)

Plaintiff has filed several charges with the Equal Employment Opportunity Commission ("EEOC"). Although the exhibits attached to the complaint are not entirely clear, it appears that

Plaintiff filed her first EEOC charge on November 3, 2009. (Pl.'s Compl., Ex. A, PageID # 18.)[1] Because the complaint does not attach a copy of the original charge, but only a transmittal sheet of the charge to the Illinois Department of Human Rights, the Court cannot determine what allegations Plaintiff included or boxes she checked in the original charge. Nevertheless, in an amended charge, filed on July 7, 2011, Plaintiff checked the boxes for retaliation and disability and stated as follows:

> I began my employment with Respondent in 1993. On August 3, 2008, I was hired as an Assistant Principal at Carver Elementary School. Around September 3, 2008, I was removed from my position and was placed as a Teacher. Ever since I have been subjected to discipline and comments about my disability in front of other employees. On September 24, 2009, I received a 10 day suspension. I filed the instant charge. Subsequently, I received a 20 day suspension.
>
> I believe that I have been discriminated against based on my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

(*Id.*, PageID # 17.)

Plaintiff then filed another EEOC charge on January 31, 2013, in which she again checked the retaliation and disability boxes and stated as follows:

> I began employment with Respondent in or around January, 1992. My most recent position was Teacher. During my employment I filed EEOC Charge # 440-2010-00570. Subsequently, I was subjected to different terms and conditions of employment, including but not limited to, discipline, poor performance ratings, and harassment. I complained to Respondent to no avail, and was then constructively discharged. Subsequently, Respondent has released confidential information about my employment.
>
> I believe that I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

(*Id.*, Ex. C, PageID # 23.)

From 2009 through 2011, Plaintiff was disciplined for various purported infractions of the disciplinary code. (*Id.*, ¶¶ 22, 28-30, 34, 41, 44, 48, 54.) Plaintiff received a Warning Resolution

---

[1] The Court notes that Exhibit A appears to be a combination of documents relevant to two different EEOC charges: the original filed on November 3, 2009 (Pl.'s Compl., Ex. A, PageID # 18) as well as an amendment to the November 3, 2009 charge, which was filed on July 7, 2011. (*Id.*, PageID # 17.)

on November 16, 2011, which indicated Plaintiff had to improve her performance or risk termination. (*Id*. ¶ 55, Ex. W.) Plaintiff claims she was constructively discharged in April 2012. (*Id*. ¶ 6.)

**Standard**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts the well-pleaded factual allegations as true and draws all reasonable inferences from them in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). However, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" and set forth facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Analysis**

      A.      Individual Liability

Tobias seeks to dismiss the ADA claims against her on the ground that there is no individual liability under the ADA. The Court agrees. *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995) (discussing why ADA, Title VII and the ADEA limit employer liability to employers with certain number of employees and holding that "individuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA").

      B.      Disability Discrimination

The Board next asserts that Plaintiff fails to state a claim for disability discrimination. To state such a claim, Plaintiff must allege that she is a qualified individual with a disability, she can perform the essential functions of her job with or without a reasonable accommodation, and the Board of Education subjected her to an adverse employment action due to her disability. *Kersting v. Wal–Mart Stores, Inc.*, 250 F.3d 1109, 1115 (7th Cir. 2001).

The Board argues that Plaintiff admits that she could not perform the essential functions of her job because she alleges that she was disciplined for failing to wear or properly use her hearing aids and was subsequently disciplined for failing to effectively supervise her students. The Court, however, does not read Plaintiff's allegations in this regard as an admission that she could not perform the essential functions of her job. Thus, this basis for relief is denied.

The Board also contends that Plaintiff has not plead that she is disabled within the meaning of that term as defined by the ADA. According to the Board, Plaintiff's discipline arose from her failure to wear or properly use the hearing aids, not the hearing loss itself. Plaintiff, however, alleges that she was discriminated against based on her disability, which was "bilateral, moderate to moderately-severe, sensorineural hearing loss across all speech frequencies," which was "considered to be permanent" and "not medically treatable." (Compl., Dkt. # 1, ¶¶ 2, 17, 57.) The

Court therefore denies the Board's motion to dismiss for failure to state a claim.

  C.  Time-barred Allegations

In Illinois, a plaintiff alleging violations of the ADA must file a charge of discrimination within 300 days "after the alleged unlawful employment practice occurred." *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). The Board asserts that certain allegations in Plaintiff's complaint are time-barred.

*2008 Reassignment*. Plaintiff filed her first EEOC charge on November 3, 2009 and 300 days prior to that is January 7, 2009. Plaintiff alleges that on August 28, 2008, she was removed from her assistant principal position at Carver Elementary and placed in an eighth-grade mathematics teaching position at the same school. (Compl., Dkt. # 1, ¶ 21.) Plaintiff asserts that the continuing violation doctrine makes a discrimination claim relating to her 2008 reassignment timely. The continuing violation doctrine "concerns a claim based on an ongoing policy rather than discrete acts of discrimination." *Teague v. Nw. Mem'l Hosp.*, 492 Fed. Appx. 680, 684 (7th Cir. 2012). If Plaintiff is alleging a hostile work environment based on her disability, then the allegation is not time-barred. *King v. Acosta Sales and Marketing, Inc.*, 678 F.3d 470, 472 (7th Cir. 2012) ("[W]hen an assertedly unlawful employment practice occurs as a pattern over time rather than in one discrete act, it does not matter when the individual deeds contributing to the pattern occurred, if the pattern continued into the 300 days before the charge's filing"). While Plaintiff does not expressly allege a hostile work environment claim, she must only plead facts sufficient to support a plausible claim for relief. Moreover, the Court notes that because Plaintiff is proceeding *pro se*, it construes her allegations liberally. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (reminding courts to "construe *pro se* complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers"). Therefore, the Court cannot conclude as a matter of law at this point of the litigation that the August 2008 reassignment is time-barred.

*AWOL Declaration*. Plaintiff alleges that on October 19, 2011 she was issued a "letter of notice" stating that she was absent without leave for two weeks. (Compl., Dkt. # 1, ¶ 30.) According to the complaint, despite the Board having rescinded the finding that she was absent without leave and granting her retroactive medical leave, Tobias wrote on her March 13, 2012 report lowering Plaintiff's efficiency rating that she was AWOL. (*Id*.) The Board asserts that the allegations related to Plaintiff being AWOL should be dismissed because they occurred after her November 2009 EEOC charge and the July 2011 amendment, but more than 300 days prior to her January 31, 2013 EEOC charge. To the extent, however, as discussed above, the allegations are part of a hostile work environment claim, they may be considered by the Court. In addition, the allegations may be relevant to her retaliation claim as alleged in all of her EEOC charges because Plaintiff need not file a charge alleging retaliation for having filed a previous charge. *McKenzie v. Ill. Dept. of Transp.*, 92 F.3d 473, 482 (7th Cir.1996) (holding that a plaintiff may bring suit on a retaliation claim not included in her administrative charge "where the alleged retaliation arose after the charge of discrimination had been filed") (citation and internal quotation marks omitted). The Court denies the Board's motion to dismiss these allegations.

*Classroom Reassignment and Panic Attack.* Plaintiff alleges that in September 2011, Tobias moved her back to a seventh-grade classroom from a sixth-grade classroom. (Compl., Dkt. # 1, at ¶¶ 41-42.) According to Plaintiff, as she was moving her items to the new classroom, Tobias told Plaintiff she did not authorize the move and Plaintiff thereafter suffered a panic attack. (*Id.*) The Board again asserts that the allegations should be dismissed because the conduct occurred after Plaintiff's November 2009 EEOC charge and the July 2011 amendment, but more than 300 days prior to her January 31, 2013 EEOC charge. For the same reasons discussed in the AWOL section above, the Court denies the Board's motion to dismiss these allegations.

*Warning Resolution.* In November 2011, the Board issued a Warning Resolution, which advised Plaintiff that she was "engaged in unsatisfactory conduct," offered directives for improvement and stated that "dismissal will be requested" if she failed to comply with the directives. (Compl., Ex. W, PageID ## 146-47.) The Board argues that complaint allegations related to the Warning Resolution are outside the scope of the November 3, 2009 EEOC charge. But, again, the July 7, 2011 EEOC charge alleges discrimination and retaliation and Plaintiff need not refile an EEOC charge for retaliatory conduct based on an EEOC charge alleging discrimination.

*Lowered Efficiency Rating.* Plaintiff alleges that Tobias issued her a lowered efficiency rating on March 19, 2012. The Board reasserts its argument that the allegations related to this rating must be stricken because it occurred over 300 days before the January 31, 2013 EEOC charge. However, because the allegations could support hostile work environment or retaliation claims, they are not time-barred.

D.  Conformity with Rules of Civil Procedure

The Board argues that Plaintiff's lengthy complaint fails to comply with Rule 8's requirement that the complaint include a "short and plain statement" of the claims and that the allegations be "simple, concise and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). While it may be true that the complaint contains superfluous and irrelevant allegations, the Court denies the Board's motion to strike them because they provide background for Plaintiff's claims.

E.  Confidential Student Information

Finally, the Board asks that confidential student information, such as names of students involved in altercations, grades, progress reports and names of students involved in investigations by the Department of Children and Family Services, be stricken. Because student information is protected under both the Family Educational and Privacy Rights Act, 20 U.S.C. § 1232g, as well as the Illinois School Records Act, 105 Ill. Comp. Stat. 10/6(a), the Court directs that Exhibits K, L, U, and V to the complaint be removed from the electronic docket for this case. Plaintiff shall refile the exhibits with the students' names redacted within 21 days of the date of entry of this order.

**Conclusion**

For the reasons stated above, the defendants' motion to dismiss [9-1, 24-1] is granted in part

and denied in part. Katherine Tobias is dismissed as a defendant and the Court directs the clerk to remove Plaintiff's Exhibits K, L, U, and V from the electronic docket in this case. Plaintiff shall refile those exhibits with the students' names redacted no later than 21 days from the date of entry of this order. The rest of the Board's motion to dismiss is denied.

**Date**: August 14, 2013

_____
**Ronald A. Guzmán
United States District Judge**