# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Sharon Holyfield-Cooper, | ) |
| Plaintiff | ) 13 CV 3625 |
| v. | ) Judge Ronald Guzman |
| Board of Education of the City of Chicago, | ) Magistrate Judge Michael T. Mason |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before the Court is the Bill of Costs filed by Defendant Board of Education of the City of Chicago ("defendant" or "the Board") totaling $2,522.10 [82]. For the following reasons, the Board is awarded costs in this amount.

Federal Rule of Civil Procedure 54(d)(1) provides, in part, that "costs, other than attorneys fees, should be allowed to the prevailing party." Under Section 1920, recoverable costs include (1) "[f]ees of the clerk and marshal"; (2) fees for transcripts "necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing and witnesses"; (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) docket fees; and (6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services." 28 U.S.C. § 1920. "Although a district court has discretion when awarding costs, the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295

(7th Cir. 1997) (internal quotation marks and citation omitted).

Here, defendant is the "prevailing party" as the District Court granted summary judgment in its favor [76]. Plaintiff Sharon Holyfield-Cooper ("plaintiff") objects to defendant's Bill of Costs, arguing that costs should not be awarded to defendant because: (1) defendant seeks to recover an amount for deposition transcripts that is in excess of what is allowable under the Local Rules, (2) plaintiff should not be required to pay for all of defendant's copying costs; and (3) the Bill of Costs should be stayed pending her appeal of the District Court's ruling on defendant's motion for summary judgment. We address each of these arguments below.

First, plaintiff objects to the Board's attempt to recover the costs for deposition transcripts at a rate of $3.65 per page for two depositions and at a rate of $3.35 per page for a third deposition.[1] Plaintiff argues that defendant is seeking an excessive rate for deposition transcripts and she refers, in her brief, to a proposed rate of $.83 per page. However, according to the Judicial Conference of the United States and Local Rule 54.1(b), the maximum rate for standard delivery of a transcript is $3.65 per page. Therefore, defendant's request to recover the costs of these three transcripts at rates of $3.35 per page and $3.65 per page are reasonable, and plaintiff's objection is overruled.

Next, plaintiff objects to the Board's attempt to recover its in-house copying and printing costs. Plaintiff argues that defendant did not provide adequate documentation

---

[1] Defendant's original Bill of Costs [81] sought to recover the cost of these transcripts at a rate of $4.70 per page. Defendant subsequently filed a corrected Bill of Costs to reflect the correct amount of $3.65 per page.

2

for these costs and that all documents are electronically available.  Pursuant to Section 1920(4), defendant is entitled to costs for copies "necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  A party is "'not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs,' rather they are 'required to provide the best breakdown obtainable from retained records.'"  *Askew v. City of Chicago*, No. 04 C 3863, 2006 WL 1005167 at *3 (N.D. Ill. April 12, 2006) (*quoting Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)).

Here, the Board seeks reimbursement for 1,159 pages of docket entries and 1,155 pages of documents produced by defendant, printed at $.20 per page totaling $462.80.  We find that defendant adequately detailed its in-house photocopying.  Defendant's itemization of these costs is clear and descriptive and is limited to only those documents that are necessary expenses.  *Allen v. City of Chicago*, No. 09 C 243, 2013 WL 1966363, at *4 (N.D. Ill. May 10, 2013) (a set of discovery documents and a set of pleadings and motions are necessary and reasonable expenses in defendant's bill of costs).  In addition, the rate per copies that defendant seeks is reasonable.  *Id.* (finding $.20 per page copying rate is reasonable).  Therefore, plaintiff's argument is without merit.

Finally, plaintiff asks this Court to stay defendant's Bill of Costs while her appeal is pending in the Seventh Circuit.  However, it is well-settled that a district court may award costs even while a substantive appeal is pending.  *Dishman v. Cleary*, 279 F.R.D. 460, 465-66 (N.D. Ill. 2012).  In addition, "it is incumbent upon the court to avoid piecemeal litigation by ruling on the issue of costs as expeditiously as possible." *Id.; see*

*also Callpod, Inc. v. GN Netcome, Inc.*, No. 06 C 4961, 2010 WL 4411954, at *2 (N.D. Ill. Nov. 1, 2010) ("If the Court rules on the costs issue when the appeal is pending, the ruling may then be appealed and consolidated with the appeal on the merits.") (internal quotation marks and citation omitted). Moreover, "the issue of costs is collateral to the merits." *Nance v. City of Elgin,* No 06 C 6608, 2011 WL 1750885, at *3 (N.D. Ill. May 3, 2011) (*citing Lentomyynti Oy v. Medivac, Inc.*, 997 F.2d 364, 367 (7th Cir.1993)). Plaintiff has not provided the Court with any compelling reason for staying the Bill of Costs in this case. Therefore, plaintiff's request is overruled.

For the foregoing reasons, pursuant to Rule 54(d)(1) and 28 U.S.C. §1920, defendant's request that this Court tax costs against Plaintiff Sharon Holyfield-Cooper and in favor of the Board of Education of the City of Chicago in the amount of $2,522.10 [82] is granted. Plaintiff's objections are overruled. Enter Bill of Costs.

                                      **ENTERED:**

                                      *[signature]*

                                      **MICHAEL T. MASON**
                                      **United States Magistrate Judge**

**Dated: August 1, 2014**